A

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

RECEIVED / FILED
SUPERIOR COURT OF NJ
HUNTERDON COUNTY

2009 OCT -7  AM II: 21

DEPUTY CLERK
CIVIL DIVISION

NEURO-GROUP, P.A.

      Plaintiff,

vs.

HORIZON BLUE CROSS BLUE
SHIELD OF NEW JERSEY, INC.

      Defendant.

:  SUPERIOR COURT OF NEW JERSEY
:  LAW DIVISION
:  HUNTERDON COUNTY
:
:  DOCKET NO: HUN-L-*586-09*
:
:  **COMPLAINT AND**
:  **JURY DEMAND**
:
:
:
:

Plaintiff, Neuro-Group, P.A. ("NG") by way of Complaint, alleges as follows:

### THE PARTIES

1.    Plaintiff, NG is a neurosurgical medical practice specializing in the treatment of the brain and having an office located in Flemington, New Jersey. At all relevant times, the plaintiff was (and is) an "out-of-network" medical practice that provided various medical services to subscribers and/or their dependants enrolled in the healthcare plans operated, controlled and/or administered by the defendant.

2.    Defendant, Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon") maintains its corporate offices in Newark, New Jersey.

### SUBSTANTIVE ALLEGATIONS

1.    Horizon operates, controls and/or administers managed healthcare or related insurance plans and claims submitted by its subscribers and/or their dependents. At all relevant times, Horizon provided the following subscribers/dependents, and others that will

be identified in the course of litigation, with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan:

| PATIENT INITALS | INSURED ID # | DATE OF SERVICE |
|---|---|---|
| A.C. | 3HZN64193200 | 4/6/09 |
| N.B. | HWX740425133 | 7/24/08 |

2.    Pursuant to New Jersey statutory and administrative regulations, defendant Horizon was obligated to pay NG 100% of plaintiff's billed usual, customary and reasonable ("UCR") fees, less the patient's co-pay, co-insurance or deductible, if any, and/or was required to make payment to plaintiff within 40 calendar days of receipt of plaintiff's bill. Additionally, Horizon was unjustly enriched at the expense of NJ by failing to properly pay for all services rendered.    Contrary to applicable statutory and administrative code provisions and/or New Jersey common law, Horizon has not paid anything for the surgical services rendered or has underpaid the claims and plaintiff's bills remain outstanding.

3.    It cannot be reasonably disputed that all of the surgical procedures performed were "medically necessary" and some were emergency procedures.

4.    The UCR fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that "out-of-network" providers, like the plaintiff, normally charge to their patients in the free market, i.e., without an agreement with an insurance company or other payor to reduce such a charge in exchange

for obtaining access to the insurance company's or Horizon's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

     5.     With respect to the services at issue rendered to the subscribers/dependents, defendant arbitrarily refused to pay the plaintiff correctly for such services. In fact, after being contacted about these claims, defendant has still refused to properly process and pay said claims.

     6.     By and through this lawsuit, NG now seeks damages, due to defendant's actions.

     7.     The claims in this lawsuit do not arise under ERISA, do not arise from an assignment of benefits and do not arise under any purported federal common law or doctrine. All of the subject claims arise from New Jersey state common and statutory law.

## FIRST COUNT
### (Unjust Enrichment)

     1.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

     2.     At all relevant times, defendant consistently and systematically refused to pay plaintiff correctly for the medical services it provided to the subscribers/dependents, contrary to its insurance coverage, statutory and regulatory obligations.

     3.     The defendant was paid premiums by its subscribers for out-of-network benefits and, pursuant to said premiums, was legally obligated to provide such coverage to its subscribers. In order to satisfy its coverage obligations to its subscribers, defendant, by necessity, required the services of NG, to render medical services. Plaintiff did, in fact, render surgical services to defendant's subscribers.

4. The defendant has therefore received a benefit as a result of plaintiff's rendering of medical services that remain unpaid. Thus, Horizon has been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to the plaintiff.

5. As a result of the defendant's unjust enrichment, NG has suffered damages.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Violations of New Jersey Regulations Governing Payment for Emergency Services Rendered By Non-Participating Providers)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.A.C. 11:22-5.6(b), 11:24-5.3(b), 11:24-5.1(a), and 11:24-9.1(d), defendant was obligated to pay NG 100% of plaintiff's usual, customary and reasonable ("UCR") fees, less the patient's copay, co-insurance or deductible.

3. Contrary to New Jersey administrative code provisions, however, defendant Horizon has not properly paid for the surgical services rendered and plaintiff's bills remain outstanding.

4. As a result of the defendant's violations of the subject administrative codes, plaintiff has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claim under these regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

a)     Compensatory damages;

b)     Interest;

c)     Costs of suit;

d)     Attorney's fees; and

e)     Such other relief as the Court deems equitable and just

### THIRD COUNT
### (Violations of the HINT Act and HCAPPA)

1. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

2. Pursuant to N.J.S.A. 17B:30-23, 17:48-8.4, 17:48A-7.12, 17:48E-10.1, 17B:26-9.1, 17B:27-44.2 and 26:2J-8.1 (the relevant portions of what is commonly referred to as the Healthcare Information Networks and Technologies ("HINT") Act), and the corresponding administrative code sections codified at N.J.A.C. 11:22-1 et seq., defendant is required to remit payment to a healthcare provider for an "eligible" non-capitated claim for medical services no later than thirty (30) calendar days following electronic receipt of the claim by defendant or, if not submitted electronically, not later than forty (40) calendar days following receipt. In the alternative, defendant is required to notify the provider within the same time frames of the specific reasons for a denial or dispute and to expeditiously request any missing information or documentation required to process the claims. (This provision of the HINT Act was amended effective July 11, 2006

as to electronic claims and reduced to seven (7) calendar days pursuant to the Health Claims Authorization, Processing and Payment Act ("HCAPPA")). The failure to do so constitutes an unequivocal waiver of defendant's right to contest such claims for any reason other than fraud. All overdue payments must bear simple interest at the rate of ten (10) percent per annum. (This interest rate increased to twelve (12) percent per annum effective July 11, 2006 pursuant to the Health Claims Authorization, Processing and Payment Act HCAPPA).

3.     Despite its statutory duties, defendant as a matter of its own pattern and practice, delayed payment of properly submitted claims from the plaintiff and did not pay them correctly or at all, and then did not pay interest on the delayed payments. The defendant benefits by this practice. By delaying payment of a claim, defendant earns profits from its use of the funds, profits that it would not earn if payment were made in a timely manner.

4.     NG has submitted "clean" or "eligible" non-capitated claims which defendant has failed to pay within the prescribed statutory time period despite numerous attempts by plaintiff to address and resolve these issues with defendant. These practices by defendant are in violation of the HINT Act and HCAPPA.

5.     As a result of defendant's violations of the HINT Act and HCAPPA, plaintiff has been damaged. Plaintiff has a private right of action, express or implied, to prosecute its claims under the statutes and regulations.

WHEREFORE, plaintiff demands judgment against defendant for:

-6-

a)  Compensatory damages and interest for payment of the medical services provided which remain unpaid, are delayed or reduced as a result of the improper claims processing tactics utilized by the defendant;

b)  Costs of suit;

c)  Attorney's fees; and

d)  Such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

By: _____
JENNIFER D. PAWLAK

DATED: October 5, 2009


## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Eric D. Katz, Esq. as trial counsel in the above matter.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

By: _____
JENNIFER D. PAWLAK

DATED: October 5, 2009

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) 2

JENNIFER D. PAWLAK, of full age, hereby certifies that:

1      I am an associate with the law firm of Mazie Slater Katz & Freeman, LLC, attorneys for plaintiff in this action.

2.      To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or any pending arbitration proceeding.

3.      No other actions or arbitration proceedings are contemplated by this plaintiff against the defendant at this time.

4.      I know of no other parties that should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

JENNIFER D. PAWLAK

DATE: October 5, 2009

H:\EDK\Neuro-Group\Complaint and Jury Demand - Horizon 10-2-09.doc

RECEIVED / FILED
SUPERIOR COURT OF NJ
HUNTERDON COUNTY
2009 OCT -7 AM 11: 21
DEPUTY CLERK
CIVIL DIVISION