NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEURO-GROUP, P.A., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> HORIZON BLUE CROSS BLUE SHIELD OF : <br> NEW JERSEY, INC., : <br> : <br> Defendant. : | Civ. No. 09-5923 <br><br> OPINION & ORDER |

THOMPSON, U.S.D.J.,

This matter comes before the Court upon Plaintiff Neuro-Group's ("N-G") Motion to Remand for lack of subject matter jurisdiction [docket # 7-3]. This matter has been decided on the papers without oral argument. For the reasons stated below, N-G's Motion to Remand is GRANTED.

**I.   Background**

   **A.   Complaint**

Plaintiff N-G is a neurosurgical medical practice that provides out-of-network medical services to individuals enrolled in healthcare plans operated, controlled and/or administered by Defendant Horizon Blue Cross Blue Shield of New Jersey Inc. ("Horizon"). N-G filed a complaint in the Superior Court of New Jersey, Hunterdon County, on October 7, 2009, to recover reimbursements for emergency services rendered to certain subscribers and/or their

1

dependents enrolled in healthcare plans operated, controlled and/or administered by Horizon.[1] (Compl. 1-2.) N-G alleges that Horizon violated 1) the New Jersey Emergency Services Reimbursement Regulations, by failing to properly reimburse N-G for the physician's usual, customary and reasonable ("UCR") fee, less the patient's co-pay, co-insurance or deductible, and 2) the New Jersey Prompt Payment Laws (HINT Act), by failing to timely respond to and pay claims. In addition to the state statutory claims, N-G brings a common-law claim for unjust enrichment. (*Id.* 6 ¶ 3.)

B.  Notice of Removal

On November 20, 2009, Horizon filed a Notice of Removal [docket #1] in this Court pursuant to 28 U.S.C. §§ 1441(a), (b), & (c), and 28 U.S.C. § 1446. Horizon argues that the reimbursement claims involving patient N.B. are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., because the patient received health benefits under a self-funded health benefit plan governed by ERISA. (Notice Removal ¶ 8.) Horizon also argues that various unidentified "others" received benefits under plans governed by ERISA but provides no further discussion or evidence of these plans. (*Id.* ¶ 13.) Horizon asks the Court to exercise supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1367 and 1441(c), over the claims not governed by ERISA. (*Id.* ¶ 17.)

C.  Motion to Remand

N-G seeks to remand the action on the following grounds: 1) the state statutes out of which the claims arose were enacted to "regulate insurance" and are therefore "saved" from complete preemption, 2) the claims arise from an "independent legal duty" having nothing to do with ERISA, and 3) the claims do not fall within the scope of § 502(a)(1), the civil enforcement

---

[1] N-G named two patients, N.B. and A.C, as well as unidentified "others" in the Complaint. After the lawsuit was filed, N-G identified seven other patients and provided Horizon with their claim information.

2

provision of ERISA, because N-G, as an out-of-network provider, is neither a "participant" nor "beneficiary" of an ERISA plan.[2] N-G asks the Court to enter an order remanding the suit, or in the alternative, remanding all of the claims involving patients other than N.B. (Pl.'s Reply Def.'s Opp. Mot. Remand 4 [docket #10].).

**II.    Analysis**

    A.    <u>ERISA Preemption</u>

The well-pleaded complaint rule ordinarily bars removal where federal jurisdiction is not presented on the face of plaintiff's complaint. However, an exception to this rule exists where the action is subject to the doctrine of "complete preemption." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *see also Pascack Valley Hosp., Inc., v. Local 464A UFCW Welfare Reimbursement Plan 401*, 388 F.3d 393, 400 (3d Cir. 2004) (*quoting Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

The Supreme Court has held that state law causes of action that fall within the scope of § 502(a) of ERISA are completely preempted and are therefore removable to federal court. *Aetna*, 542 U.S. at 210. Under the test set forth by the Supreme Court in *Aetna*, a claim is subject to complete preemption under ERISA where 1) the claim could have been brought under ERISA, and 2) there is no other independent legal duty that is implicated by the action. *Id*. Therefore, in order to determine whether N-G's claims involving patient N.B. are completely pre-empted, the Court must determine 1) whether N-G could have brought the claims under ERISA, and 2) whether any other independent legal duty exists to support N-G's claims.

---

[2] N-G's briefs refer to § 502(a) as a whole, but the Court will only consider § 502(a)(1) as it is the only section of the provision under which N-G can sue to recover benefits owed under the terms of the plan, which is the aim of N-G's claims.

3

N-G's first argument is that the state statutes out of which the claims arose were enacted to regulate insurance and are therefore saved from complete pre-emption. The ERISA savings clause states "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. §1144(b)(2)(A). Although this clause saves certain state laws regulating insurance from preemption, the clause is qualified by the subsequent paragraph, which bars self-funded ERISA plans from being considered insurance plans subject to state insurance regulation. 29 U.S.C. § 2244(b)(2)(B); *see also FMC Corp. v. Holiday*, 498 U.S. 52, 58 (1990). Horizon claims that N.B., one of the patients named in the Complaint, has a self-funded ERISA plan and therefore the reimbursement claims involving N.B. are not saved from preemption. Horizon further claims that because these claims are not saved, they are subject to complete preemption and can be removed to federal court.

However, it does not necessarily follow that because a claim does not fall within the savings clause that it is subject to complete preemption and removable. In order to prove that ERISA completely preempts these claims, Horizon must first prove that N-G could have brought the claims under ERISA. *Aetna*, 542 U.S. at 210. Under § 502(a)(1), only a participant or beneficiary can bring a claim to enforce rights under ERISA, and N-G does not meet the definition of participant or beneficiary under the meaning of the statute. 29 U.S.C. § 1132(a)(1)(B). Furthermore, Horizon has put forward no evidence that N.B. assigned his right to receive benefits under the ERISA plan to N-G. *See Pascack Valley*, 388 F.3d at 401 n. 7 (3d Cir. 2004) (recognizing that most circuits to address the issue have held that a provider with a valid assignment has derivative standing under ERISA, but failing to make a definitive holding on the

4

issue). Because Horizon puts forward no evidence of a valid assignment, the Court need not reach the issue of whether N-G has derivative standing to sue under ERISA.

In a dispute over subject matter jurisdiction, the party seeking to remove the case to federal court has the burden of proving that jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removal statutes should be narrowly construed and "all doubts should be resolved in favor of remand." *Id.* Because Horizon has not met its burden of proving that there was a valid assignment, it has not satisfied its burden of proving that any claim is completely preempted by ERISA and that the Court has subject matter jurisdiction in this matter.[3]

### III. Conclusion

For the foregoing reasons, and for good cause shown, it is ORDERED that, on this 23-day of April 2010, N-G's Motion for Remand is GRANTED.

ANNE E. THOMPSON, U.S.D.J.

---

[3] Because the Court has no original jurisdiction over any of N-G's claims, the Court will not address the issue of supplemental jurisdiction.

5